MATTER OF SAUNDERS

In VISA PETITION Proceedings

SFR-N-3133

*Decided by Regional Commissioner October 4, 1963*

Petititioner's program to train industrial trainees in agriculture—principally in orcharding—is within the meaning of section 101(a)(15)(H)(iii), Immigration and Nationality Act, since he will provide an organized program of training in all phases of orchard work, such as grafting, pruning, fertilizing, planting, cultivating, thinning, harvesting, proper preparation and care of trees, operation and use of a limited variety of mechanical equipment, such as trucks, fruit grader, nut tree shaker, and small tractors, to be accomplished through daily sessions of oral instruction with explanation and demonstration; they will be under constant observation of trainee performance with corrective instruction, if needed; they will partake of several sessions yearly on the farm during which University of California sponsored county farm advisors will lecture and demonstrate new methods, fertilizers, insecticides, and of at least 3 full-day sessions yearly with instructors of the University of California on subjects and machinery pertinent to the training, and a training record will be maintained for each trainee.

This case is before the Regional Commissioner pursuant to the District Director's certification of his order of September 3, 1963 denying the petition on the grounds that the training program offered by the petitioner does not provide instructions to the degree contemplated by the statute. This conclusion is based on the District Director's finding that the training offered is essentially on-the-job training without organized instruction and the major share of the training is not adaptable to conditions or available equipment in the beneficiaries' homeland.

Petitioner is the owner and operator of extensive property in California. He is engaged on a large scale in both farming and orcharding and employs a regular work force of some 50–60 domestic workers with a peak domestic force of 1000 during certain seasonal operations of his business. The petitioner has trained foreign agricultural workers in the past, is presently training such workers and seeks to import the instant beneficiaries for training in agriculture, principally in orcharding. He states that the training received on his property by other trainees has benefited them and their homeland.

The petitioner offers to train the beneficiaries in all phases of orchard work such as: grafting, pruning, fertilizing, planting, cultivating, thinning, harvesting, proper preparation and care of trees, and the

operation and use of a limited variety of mechanical equipment such as trucks, fruit grader, nut tree shaker, and small tractors. Petitioner's method of training consists of: daily sessions of oral instructions with explanation and demonstration to each trainee either by the petitioner or one of his fully experienced supervisors; constant observation of the trainee in his performance of the assigned training work with corrective instructions when needed; several sessions each year on the farm during which University of California sponsored county farm advisors lecture and demonstrate to the trainees new methods, fertilizers, insecticides, etc.; at least three trips a year to the University of California, Davis, California for full day sessions with instructors on subjects and machinery pertinent to their training; and a trip to a cannery where the latest after harvest handling, processing and canning of fruits and nuts is observed in actual operation and on films. A record is maintained on the training given to each trainee. In addition to the agricultural training provided by the petitioner he arranges for the enrollment, transportation and attendance of the trainees in an adult evening class in English at the local junior college.

The petitioner states that his training program runs in yearly cycles beginning with the trainees' arrival on his farm and depending on the individual, the training should be for three years to afford maximum benefit to the trainee. He proposes to evaluate each trainee at the end of the first and second years and to continue the training only when it is indicated that the individual requires it. Petitioner states that although the training is repetitious since the same operations are taught and demonstrated from one year to the next, it is his opinion that such repetition results in a better trained man.

The beneficiaries are all natives and citizens of Japan and according to the petitioner have an agricultural background and/or some agricultural school training. Petitioner states that although some of the trainees' knowledge of English may be limited upon their arrival it presents no problem since he has competent interpreters among his regular employees.

After careful consideration, it is concluded that the petitioner will provide training within the meaning of section 101(a) (15) (H) (iii) of the Immigration and Nationality Act and that the other requirements of that section have been met. Accordingly, the petition may be approved. However, in accordance with Service policy, the beneficiaries' training will be limited to an initial period of twelve months. The question as to whether or not an additional period of training is warranted will be decided in the light of the circumstances existing at the time of receipt of any application to extend the period of the beneficiaries' temporary admission.

**ORDER:** It is ordered that the petition be and the same is hereby approved.